# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-239V
(Filed: February 21, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| JIHAN SANTAMARIA, | * | UNPUBLISHED |
| | * | |
| | * | Special Master |
| | * | Hamilton-Fieldman |
| Petitioners, | * | |
| | * | Influenza Vaccination; Bilateral |
| v. | * | Lower Extremity Paralysis; |
| | * | Failure to Prosecute; Failure to |
| SECRETARY OF HEALTH | * | Follow Court Orders; Dismissal. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * | | |

Roberta D. Asher, New York, NY, for Petitioner.
Claudia Gangi, Washington, DC, for Respondent.

## **DECISION**[1]

On April 12, 2012, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

influenza vaccination Petitioner received on November 7, 2007, caused her bilateral lower extremity paralysis.

On November 26, 2013, a digitally-recorded status conference was held to discuss the status of the case to date.  During this conference, Petitioner's counsel stated that she had recently been unable to contact her client. The undersigned ordered that by no later than January 7, 2014, Petitioner's counsel should file a status report, indicating whether or not Petitioner wished to proceed forward with her claim. If Petitioner did not wish to proceed with her claim, Petitioner's counsel was also to note this in a status report. Petitioner's counsel did not file such a status report on January 7, 2014.

On January 9, 2014, the undersigned issued an Order To Show Cause, instructing Petitioner's counsel to file a status report, updating the court on the status of the case **by no later than February 13, 2014**. Petitioner's counsel did not respond to that Order.

## I.     Failure to Prosecute

It is the duty of petitioner to respond to all court orders.  Failure to respond to a court order is deemed noncompliance, and noncompliance is not favorably considered.  As the undersigned reminded Petitioner in her January 9, 2014 order, failure to follow court orders, as well as the failure to file medical records or an expert medical opinion, will result in dismissal of Petitioner's claim.  Tsekouras v. Sec'y, HHS, 26 Cl. Ct. 439 (1992), aff'd per curiam, 991 F.2d 810 (Fed. Cir. 1993); Sapharas v. Sec'y, HHS, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## II.    Causation In Fact

To receive compensation under the Program, Petitioner must prove that her bilateral lower extremity paralysis was caused by the receipt of a vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, a special master cannot find that a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion."  § 13(a). Petitioner has failed to file sufficient medical records and evidence in this case to support a finding of vaccine causation.  An examination of the record has not uncovered any evidence that Petitioner suffered a "Table Injury."  Nor does the record contain a medical opinion or other persuasive evidence indicating that Petitioner's bilateral lower extremity paralysis was vaccine-caused. Petitioner has therefore failed to demonstrate that Petitioner's bilateral lower extremity paralysis was "actually caused" by a vaccination.

For the reasons herein, **this case is dismissed for insufficient proof and for failure to prosecute.  The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Lisa D Hamilton-Fieldman.</u>
Lisa D Hamilton-Fieldman
Special Master
